NORCOAST CONSTRUCTORS, INC., and Morrison-Knudsen Company, Inc., a joint venture

v.

The UNITED STATES.

No. 376–68.

United States Court of Claims.

May 11, 1973.

Lyle L. Iversen, Seattle, Wash., attorney of record for plaintiff; Lycette, Diamond & Sylvester, Seattle, Wash., of counsel.

R. W. Koskinen, Washington, D. C., with whom was Asst. Atty. Gen. Harlington Wood, Jr., for defendant.

Before DAVIS, Acting Chief Judge, DURFEE, Senior Judge, and SKELTON, NICHOLS, KASHIWA, KUNZIG, and BENNETT, Judges.

## OPINION

PER CURIAM.

This is a Wunderlich Act (41 U.S.C. §§ 321, 322) Review case that was previously before the court on entitlement, 448 F.2d 1400, 196 Ct.Cl. 1 (1971). Now it is here on quantum. We reversed the original decision of the Armed Services Board of Contract Appeals (ASBCA) which would have denied recovery. After full briefing and oral argument, we affirm its quantum decision.

Plaintiff, a joint venture, had contracted to furnish logistic support for an underground test nuclear explosion on Amchitka in the Aleutians, and among other things to "furnish and install diesel fuel storage facilities" for $139,900. It installed a welded steel tank and the dis-

pute was whether defendant owned it at the conclusion of contract performance. The contracting officer held it did and the ASBCA affirmed. We held to the contrary and that the contracting officer's decision was a constructive change order, for which an equitable adjustment was necessary. We suspended for the Board to determine quantum if the parties did not agree.

They did not, and the Board awarded $40,000. This, it found, was the "salvage value" of the tank. Defendant owned the island and plaintiff, the ASBCA held, had no right to the use of it as a location for the tank. By a contract provision, it was required to remove all its property. Since the Board found the installation cost the plaintiff $150,000, the adjustment appears to allow a reasonable profit on the work covered by the diesel fuel storage item as constructively changed.

■ Before the Board and here, the plaintiff urged that it had title to the tank until 1967, two years after the work on the instant contract was complete. At that time, it says, the contracting officer took title to it by his decision then rendered. In 1967 work on a follow-up nuclear explosion was getting underway, there was a demand for the tank, and its value in place on Amchitka was much enhanced. The removal requirement was waived, it says.

This is in effect an eminent domain theory, rather than the disputes clause theory under which the case was dealt with hitherto. If plaintiff was suing for an eminent domain taking, it had no business before the ASBCA and we should not have suspended for determination of quantum there. Moreover, the plaintiff having at best a mere revocable license to leave the tank in place on Amchitka, up to 1967 (if the removal requirement was waived), its claim of value enhancement from the tank's position runs counter to a recent Supreme Court decision, United States v. Fuller, 409 U. S. 488, 93 S.Ct. 801, 35 L.Ed.2d 16 (1973).

■ Plaintiff says the amendment effected by the change order was to leave the $139,900 figure standing as rental for use of the tank up to 1967, and add to it an obligation to pay the full market value of the tank as of that date, over $200,000. However, the contracting officer's theory plainly was that the defendant owned the tank from the day it was installed. The result of the constructive change order was to amend the contract to effectuate the contracting officer's interpretation, and that is what the equitable adjustment must pay for. Once this is clearly seen, no rational attack on the Board's award on the ground of insufficiency can be made on the record before us. Bruce Constr. Corp. v. United States, 324 F.2d 516, 163 Ct.Cl. 97 (1963).

Defendant would have us award only $10,000, apparently to eliminate all profit. We find it unnecessary to discuss this view.

The quantum decision of the ASBCA is supported by substantial evidence. It is not arbitrary or capricious. It is in accordance with law. By Wunderlich Act standards, it is binding on the parties here.

Accordingly plaintiff's amended motion for summary judgment is granted, defendant's cross motion for summary judgment is denied and judgment is entered for plaintiff in the sum of $40,000.